# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-672-JMS-DML |
| | ) | |
| $4,826.80 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Denying Pending Motions
## and Setting Action for Trial

### I.

The United States filed this action for forfeiture in rem against all right, title and interest in $4,826.80 in United States currency pursuant to the civil forfeiture provisions of the Controlled Substance Act, 21 U.S.C. § 881(a)(6). Claimant Steven A. Caldwell ("Caldwell") filed a motion for return of property and the United States has filed a motion for summary judgment. For the reasons set forth in this Entry, both motions [9, 13] are **denied.**

### I.      Motion for Summary Judgment

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

If the moving party successfully carries its burden, the non-moving party must "go beyond the pleadings" and present specific facts which show that a genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). This may be done through the designation of specific facts in affidavits, depositions, answers to interrogatories or admissions. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992). If the non-moving party fails to make a sufficient showing on an essential element of its case on which that party will bear the burden of proof at

trial, the moving party is entitled to judgment as a matter of law. *See Celotex,* 477 U.S. at 322-23. The notice required by *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), and Local Rule 56.1(h) was issued to the *pro se* claimant Caldwell.

## A.  Findings of Fact

On the basis of the pleadings and the expanded record, the Court finds the following versions of the facts are supported by portions of that record which comply with the requirements of Rule 56(c):

The parties do not dispute that on or about December 23, 2009, Caldwell was arrested and charged with various narcotics violations. Caldwell was released on bond on or about March 26, 2010. Caldwell entered into a plea agreement with the State of Indiana, and on October 28, 2010, he pled guilty to possessing cocaine and being a habitual substance offender. Finding that Caldwell had knowingly and voluntarily entered his guilty plea, the trial court took the plea of guilty under advisement, scheduled a sentencing hearing for December 14, 2010, and released Caldwell. Caldwell failed to appear at the December 14, 2010, sentencing hearing and a re-arrest warrant was issued.

According to government witness Steven T. Secor, Special Agent with the United States Federal Bureau of Investigation ("Agent Secor"), law enforcement was unable to locate Caldwell until December 23, 2010, when Caldwell was apprehended by the Indianapolis Metropolitan Police Department following a traffic stop of a car in which Caldwell was a passenger.

At the time of his apprehension on December 23, 2010, Caldwell possessed four thousand eight hundred and twenty-six dollars and eighty cents ($4,826.80) in United States currency ("the Currency"). Agent Secor states that when questioned by law enforcement, Caldwell provided a fictitious name and identifying information. Eventually, law enforcement was able to positively identify Caldwell.

After Caldwell was taken into custody, Agent Secor questioned Caldwell about the $4,826.80. Agent Secor states in his sworn declaration that Caldwell initially told him that the money came from two sources: one, from doing part-time automobile body work at Matt's Customs, where he earned approximately $50.00 per job and was paid under the table, and two, from "females [who] sometimes give [him] money." Agent Secor further states that when he asked Caldwell if he was "in the game," referring to Caldwell being a pimp, Caldwell retracted his statement and claimed the money was all from his part-time work at Matt's Customs.

Agent Secor expressed skepticism that Caldwell could earn that much money working part-time at Matt's Customs and asked Caldwell if the money was from dealing drugs. Agent Secor states that Caldwell then admitted, "it's true," that the

money he had with him when he was arrested was from dealing drugs. Caldwell has a history of numerous arrests and felony convictions for possession of cocaine, dealing in cocaine, habitual substance offender, auto theft, and robbery.

On January 25, 2011, Caldwell was convicted in the Marion County Superior Court of a Class C felony, possession of cocaine. He is now serving a four-year term of imprisonment at the Plainfield Correctional Center.

Caldwell contradicts the material allegations of Agent Secor's statement in his motion for return of property and addendum thereto. Specifically, he affirms under penalty of perjury that the Currency is proceeds from tax refunds and employment earnings. He also states that "the currency was not the product of illegal gains or profits from drug sales" and denies having admitted that the Currency derived from drug sales.

## B. Analysis

The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. Venue in this district is proper. *See* 21 U.S.C. § 881(j); 28 U.S.C. § 1395(b).

"All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and "all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," is subject to forfeiture to the United States of America. 21 U.S.C. § 881(a)(6). Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), it is the government's burden to prove by a preponderance of the evidence that the Currency is subject to forfeiture. *See* 18 U.S.C. § 983(c)(1). No person other than Caldwell has claimed the money and, pursuant to 18 U.S.C. §983(a)(4), the time to file a claim has expired.

As noted, on a motion for summary judgment, all facts and reasonable inferences are construed in the light most favorable to the non-movant, Caldwell. *See Camp v. TNT Logistics Corp.¸* 553 F.3d 502, 505 (7th Cir. 2009). Caldwell has stated under penalty for perjury that the sources of the funds were tax refunds and employment earnings. Although the United States rightly notes that Caldwell has produced no documentary evidence to corroborate his testimony, that testimony itself is admissible evidence. The testimony of Agent Secor is likewise admissible. (Caldwell's admissions are outside the definition of hearsay. (Fed. R. Evid. 801)). But Agent Secor's version is not attested to by Caldwell, so this is not a case in which the non-movant has offered an affidavit materially different from earlier sworn testimony. *See United States v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars ($30,670.00),* 403 F.3d 448, 466 (7th. Cir. 2005) ("[C]ourts do not countenance the use of so-called 'sham affidavits,' which contradict prior sworn testimony, to defeat summary judgment."). Instead, this is a case where

directly contradictory evidence exists on the critically material fact of whether Caldwell admitted the Currency was drug money. Thus, it is a credibility call. At the summary judgment stage, a court does not weigh the evidence or make credibility determinations. *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 799 (7th Cir. 2011).

### C.  Conclusion

For purposes of ruling on the motion for summary judgment, Caldwell's sworn statement is sufficient evidence to create a genuine issue of fact as to the source of the money at issue. Accordingly, the United States' motion for summary judgment [13] is **denied.**

## II.    Motion for Return of Property

Because of the issue identified above, Caldwell's motion for return of property [9] is **denied without prejudice.** He shall have the opportunity to present arguments and evidence at trial.

## III.    Trial Setting

The action is set for court trial on July 11, 2012, at 9:00 a.m. in Room 307, United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana.  The parties shall have 60 days to exchange any discovery requests.

**IT IS SO ORDERED.**

Date: 01/26/2012
_____

_Jane Magnus-Stinson_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov

Steven A Caldwell
#978529
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168